UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JONATHAN WILLIAMS,

    Petitioner,

    v.                      CAUSE NO. 3:24-CV-793-JD-AZ

WARDEN,

    Respondent.

OPINION AND ORDER

Jonathan Williams, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (IYC-24-2-323) at the Plainfield Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of engaging in unauthorized financial transactions in violation of Indiana Department of Correction Offense 220. As a result, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class.

Williams argues that he is entitled to habeas relief because he was found guilty of an offense he did not commit, which the court construes as a sufficiency of the evidence claim.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record included a conduct report in which an investigator represented that Williams and Inmate Hensley were housed in the same area within the Plainfield Correctional Facility. ECF 10-1. According to the conduct report, Inmate Hensley placed a call to an individual on his contact list, who then proceeded to add an unidentified individual to the call. *Id.* The unidentified individual and Inmate Hensley conversed as follows:

> **Inmate Hensley:** I'm gonna try to call you back but hey I just need u to do a quarter real quick to that to the, to the keepittripple and that's it but don't send no note with it though, you don't gotta send a note with it.
>
> **Unidentified Individual:** Why?
>
> **Inmate Hensley:** He tripped on me for sending it with a note. And then um and do a one time 30 for OL. That's it, that's it. OL 30 and 25 for keepitripple but don't send no notes with them. Ya hear me?
>
> **Unidentified Individual:** Yea.

*Id.* The administrative record included a printout showing that the CashApp account name for Sabrina Nelson includes the phrase "keepittriple" and that the CashApp account name for Octavia Williams includes the phrase "olwilliams." ECF 12. It included a statement from Inmate Hensley attesting that he never engaged in a financial transaction with Williams or his sister and that he did not know Williams. ECF 10-7. It also included a statement from the investigator, in response to Williams' evidentiary request, representing that she was able to connect Inmate Hensley's reference to "OL" to Williams' sister's CashApp account by using a "commercial open source tool." The evidence connecting Inmate Hensley's telephone call to Williams and his sister is not

2

particularly detailed or robust, but it is enough to amount to some evidence. Therefore, the sufficiency of the evidence claim is not a basis for habeas relief.

Williams argues that he is entitled to habeas relief because correctional staff denied his request to present witnesses and evidence. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

Williams does not specifically identify which witnesses or evidence were denied. The requests documented in the administrative record were all satisfied, except for the request for Inmate Hensley to testify at the hearing. ECF 10-3; ECF 10-7, ECF 10-8; ECF 12. However, the hearing officer considered Inmate Hensley's written statement (ECF 10-6), and Williams does not describe how the anticipated testimony of Inmate Hensley would have been different. As a result, this denial amounts to, at most, harmless error. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same). Therefore, the denial of evidence is not a basis for habeas relief.

Williams also argues that he is entitled to habeas relief because he did not receive adequate assistance from a lay advocate. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where

3

the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). Williams' filings and his administrative appeal demonstrate his literacy, and the disciplinary charge was not particularly complex. ECF 2, ECF 10-1; ECF 10-10. Therefore, the argument that Williams did not receive a lay advocate is not a basis for habeas relief.

Williams also argues that he did not receive adequate notice of the hearing. Notice of the hearing date within a particular amount of time before the hearing is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Williams may be attempting to invoke his right to receiving notice of the disciplinary charge at least 24 hours prior to the hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). However, the administrative record indicates that Williams was notified of the charge on February 5, 2024, and that the hearing occurred four days later on February 9, 2024. ECF 10-3; ECF 10-6. As a result, inadequate notice of the hearing date or charge is not a valid basis for habeas relief.

William argues that he is entitled to habeas relief because correctional staff denied him the opportunity to attend the hearing. According to the petition, Williams was not informed of the time or date of the hearing until after it occurred. The Warden responds that Williams refused to attend the hearing. In support of this response, the

Warden relies on the hearing report in which the hearing officer represented that Williams had refused to attend the hearing for a third day in a row, despite being on call out lists and receiving a pass to attend. ECF 10-6. On this basis, the court finds that the record is disputed as to whether Williams had an opportunity to attend the hearing.

The Warden argues that the lack of a hearing amounts to harmless error because Williams does not explain how his attendance would have changed the outcome of the hearing. However, the administrative record indicates that Williams had possession of a second written statement from Inmate Hensley, explaining that "OL" referred to Inmate Hensley's aunt, "Olivia Lynn." ECF 10-10 at 4. It seems likely that he would have presented this statement from Inmate Hensley at the hearing, which might have persuaded the hearing officer to find him not guilty. *See United States v. Jett*, 982 F.3d 1072, 1078 (7th Cir. 2020) ("To prove harmless error, the government must be able to show that the Guidelines error did not affect the district court's selection of the sentence imposed."); *United States v. Williams*, 493 F.3d 763, 766 (7th Cir. 2007) ("The test is whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained."). Further, the hearing officer listed the "Offender's attitude and demeanor during the hearing" as a reason for imposing sanctions, which implies that Williams' absence at the hearing might have increased the severity of the sanctions. ECF 10-6. As a result, the court finds that the factual dispute over whether Williams had an opportunity to attend the hearing is a material one. Because a genuine dispute of material fact exists regarding whether Williams had an opportunity to attend the disciplinary hearing, the court must conduct an evidentiary hearing to resolve it.

In preparation for the evidentiary hearing, the court ORDERS Jonathan Williams and the Warden to separately prepare and file brief status reports, by **May 24, 2025**. The status reports must not exceed five pages (unless greater length is unavoidable) and must address: (1) what genuine issues of fact exist; (2) what discovery might be necessary, how it relates to the issues, and how long it would take to complete; (3) what witnesses and exhibits each party proposes to call or introduce; (4) how much time the evidentiary hearing is expected to require; and (5) what motions have been or are expected to be filed before the evidentiary hearing.

SO ORDERED on April 23, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT